UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| LAMON TANEAL HEMINGWAY, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16CV220 SNLJ |
| | ) | |
| PAULA REED, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner currently incarcerated at Southeast Correctional Center ("SECC"), seeks leave to proceed in forma pauperis in this civil action brought pursuant to 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $1.98, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b).

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff, who is currently incarcerated at SECC, brings this action against twenty-nine defendants (29). Plaintiff's complaint, with exhibits, makes up almost one-hundred (100) pages of handwritten allegations. The complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure, which requires that the complaint contain "a short and plain statement of the claim showing that [plaintiff] is entitled to relief." The complaint is often vague, conclusory, and repetitive. At times it refers to "defendants," without specifying which defendant it is referring to.

The gist of plaintiff's assertions seem to be that he has been denied the right to file a grievance and/or a grievance appeal on several different occasions while incarcerated at SECC.[1]

In addition to his original complaint, plaintiff has five motions to supplement and/or amend his complaint, by either adding additional defendants, or removing defendants or adding to the allegations in his complaint.

---

[1] A grievance procedure does not confer any substantive constitutional right upon prison inmates. *See Bostic v. Babich*, 2008 WL 906801 at *7 (E.D.Mo. Apr. 3, 2008). "In the context of a state prison system, an inmate grievance procedure is not constitutionally required." *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986). "If the state elects to provide a grievance mechanism, violations of its procedures do not deprive prisoners of federal constitutional rights. Therefore, a state's failure to follow its grievance procedures does not give rise to a § 1983 claim." *Id.* Additionally, a denial of a grievance, by itself, does not rise to a constitutional violation. *See George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.")

The Court does not accept amendments by interlineation or supplementation. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir.2008). Indeed, plaintiff's action, as it is currently outlined, appears to be legally frivolous. Nevertheless, because plaintiff is proceeding pro se, the Court will allow plaintiff to file an amended complaint on a Court form. Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint in accordance with the specific instructions set forth herein.

All claims in an action must be included in one, centralized complaint form, as neither the court nor defendants wish to search through supplemental and prior pleadings in order to piece together plaintiff's claims. Because plaintiff has named so many defendants, the Court will require plaintiff to create a separate section in the amended complaint for each defendant. Each defendant's section shall contain all of the relevant facts and allegations pertaining to that defendant, i.e., what alleged wrongs that defendant committed against plaintiff. The amended complaint should not include any extraneous facts and should not contain legal arguments or conclusions.

**Plaintiff is warned that the filing of an amended complaint replaces the original complaint and all previously-filed pleadings, and so he must include each and every one of the claims he wishes to pursue in the amended complaint.** *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). **Any claims from the original complaint, supplements, and/or pleadings that are not included in the amended complaint will be deemed abandoned and will not be considered**. *Id*. **If plaintiff wishes to sue defendants in their individual capacities, plaintiff must specifically say so in the amended complaint. If plaintiff fails to sue defendants in their individual capacities, this action may be subject to dismissal**.

If plaintiff fails to file an amended complaint on a Court form within thirty days in accordance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $1.98 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[2]

**IT IS FURTHER ORDERED** that plaintiff's motions to amend his complaint by interlineation [Doc. #8, #12, #13, #14, and #15] are **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint in this action within thirty (30) days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a Prisoner Civil Rights Complaint form.

---

[2] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Memorandum and Order, plaintiff's action will be dismissed, without prejudice.

Dated this 2nd day of December, 2016.

_/s/ Stephen N. Limbaugh, Jr._
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE