UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| LAMON TANEAL HEMINGWAY, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16CV220 SNLJ |
| | ) | |
| PAULA REED, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's amended complaint pursuant to 28 U.S.C. § 1915. Upon review, the Court finds that much of plaintiff's complaint must be dismissed.

## Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff brings this action against 36 officials at the Southeast Correctional Center. Plaintiff's first plausible allegations are against defendants Richard Lincoln, Unknown Parker, and Travis Wilhite, in which he claims that they assaulted him while he was restrained. The remaining allegations are entirely unrelated to these allegations.

## Discussion

The complaint states a plausible claim for relief against Lincoln, Parker, and Wilhite in their individual capacities. As a result, the Court will order the Clerk to serve process on these defendants. Plaintiff's official-capacity claims against these defendants, however, are barred by sovereign immunity and are dismissed. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997).

Federal Rule of Civil Procedure 20(a)(2) provides: "Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Because plaintiff's remaining allegations are unrelated to the claims described above, the Court dismisses the remainder of the complaint. Plaintiff must bring separate suits for each of his unrelated claims.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to issue process on defendants Richard Lincoln, Unknown Parker, and Travis Wilhite. In its waiver letter to the Missouri

Attorney General, the Clerk should identify Parker as a correctional officer who was on duty on May 26, 2016.

**IT IS FURTHER ORDERED** that defendants Paula Reed, Timothy Seabaugh, Bill Stange, Unknown Buhs, Clayton Shell, Deborah Payne, Hollie Dysinger, Jane Buchanon, Jesse May, Timothy Holsten, Brandi Meredith, Laura Scott, Jason Clements, Michael Loomis, Larry Graham, Justin Gordon, Brett Hays, Branden McSadden, Dillon Rickman, Lorene Armstrong, Latonia Young-Griffin, Michael Howard, Ashley Lewis, Gabriel Porter, R. Wilson, Unknown McDaniels, Christopher Sterling, Caleb Shelton, Molly Fields, Trevor Proffer, Cynthia Reese, Robert Willoughby, Rick Rainey, and Kimberly Delisle are **DISMISSED** without prejudice.

An Order of Partial Dismissal will be filed separately.

Dated this 2nd day of February, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE